THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JUDGE TURNER, JR., Defendant-Appellant.

Fourth District    No. 14754

Opinion filed August 4, 1978.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

On December 6, 1976, the defendant was charged by information with the murder of Charles Harris on December 5, 1976, in violation of section 9—1 of the Criminal Code of 1961 (Ill. Rev. Stat 1975, ch. 38, par. 9—1). After a May 19, 1977, hearing on the defendant's pretrial motion on fitness to stand trial, the trial court found defendant unfit to stand trial because of his mental condition. The court also found the defendant to be in need of mental treatment, and ordered the defendant hospitalized, pursuant to the provisions of the Mental Health Code of 1967. (Ill. Rev. Stat. 1975, ch. 91½, par. 1—1 *et seq.*) On August 16, 1977, the defendant was again found unfit to stand trial and the court entered an order continuing defendant's hospitalization. Following a hearing on October 17-18, 1977, the defendant was found competent to stand trial.

In a bench trial on November 21, 1977, a stipulation between the parties concerning the events of December 5, 1976, was read into the record and

accepted as evidence by the court. A second stipulation was then read into the record which stated that Dr. T. A. Kiersch, a qualified psychiatrist, would testify as in his October 14, 1977, letter to the court, that in his expert opinion the defendant at the time and place of the charged murder was suffering from a mental disease and probably was unable both to appreciate the criminality of his acts and to conform his acts to the law. Following the trial court's acceptance of this stipulation, the State rested. The defendant then also rested, without presenting any trial evidence. Defense counsel concurred with the prosecutor's suggestion that, based upon the evidence, the court should find the defendant not guilty of murder by reason of insanity. The court, thereafter, entered an order making such a finding.

A hearing was immediately held to determine whether the defendant was still in need of mental treatment. At this hearing, a stipulation between the parties was read into the record which stated that Dr. Kiersch would testify as in his November 7, 1977, letter to the court, that the defendant is a person in need of mental treatment, that the defendant is afflicted with a mental disorder, and that the defendant could be reasonably expected at this time or within a reasonable time hereafter, intentionally or unintentionally, to physically cause injury to himself or others. The stipulation also stated that Dr. Kiersch would testify that the likelihood of a recurrence of the same type of delusional thinking that the defendant recently demonstrated would be in the area of 40 to 50 percent, and that defendant should be hospitalized and transferred to the Illinois Department of Mental Health for observation and treatment. Dr. Kiersch's November 7, 1977, report was also made part of the record. It was further stipulated between the parties that the trial court could consider evidence introduced by stipulation at the bench in order to reach a determination of defendant's need for mental treatment. Following the court's acceptance of these stipulations into evidence, the State rested. The defendant offered no evidence at this hearing.

During his brief closing argument, defense counsel noted that according to the record, the defendant had been in a mental health clinic for 6 months and had made much progress. Counsel then noted, however, that "Dr. Kiersch feels he needs to go back for more and it's uncontradicted at this point as to the testimony."

Based upon the stipulated report and statement of Dr. Kiersch of November 7, 1977, and upon the evidence entered by stipulation at trial, the court found the defendant to be in need of mental treatment and ordered him hospitalized in the custody of the Department of Mental Health and Developmental Disabilities for an indefinite period of time pursuant to section 5—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—4).

The sole issue raised on appeal is whether the State proved by clear and convincing evidence that the defendant was still in need of mental treatment at the time of his post-trial hearing.

Section 5—2—4(a) of the Unified Code of Corrections provides: "(a) After a finding or verdict of not guilty by reason of insanity under Section 115—3, or 115—4 of The Code of Criminal Procedure of 1963, a hearing shall be held under the Mental Health Code of 1967 to determine whether the defendant is in need of mental treatment. If the defendant is found to be in need of mental treatment the court shall enter an order so specifying." Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—4(a).

Section 1—11 of the Mental Health Code of 1967 provides that a person in need of mental treatment "* * * means any person afflicted with a mental disorder, not including a person who is mentally retarded, as defined in this Act, if that person, as a result of such mental disorder, is reasonably expected at the time the determination is being made or within a reasonable time thereafter to intentionally or unintentionally physically injure himself or other persons, or is unable to care for himself so as to guard himself from physical injury or to provide for his own physical needs. This term does not include a person whose mental processes have merely been weakened or impaired by reason of advanced years." Ill. Rev. Stat. 1977, ch. 91½, par. 1—11.

■■ The burden of proof at such a hearing is upon the State to prove by clear and convincing evidence that the defendant is a person in need of mental treatment. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—4(g); *In re Stephenson* (1977), 67 Ill. 2d 544, 556, 367 N.E.2d 1273; *In re Graham* (1976), 40 Ill. App. 3d 452, 454, 352 N.E.2d 387.) In the case of *In re Stephenson*, the supreme court stated that proof beyond a reasonable doubt is an inappropriate standard for use in involuntary commitment proceedings. The court noted that "Predictions of dangerousness can hardly be beyond a reasonable doubt in the undeveloped framework of the science of psychiatric diagnosis and prediction, for the subjective determinations therein involved are incapable of meeting objective certainty. [Citations.]" 67 Ill. 2d 544, 555-56, 367 N.E.2d 1273.

The thrust of defendant's argument is that while there was evidence introduced that he was in need of mental treatment at the time of the murder, it was not established by clear and convincing evidence at the date of the hearing that he was then a person in need of mental treatment as defined by section 1—11 of the Mental Health Code of 1967. We do not agree.

At the hearing held following the trial on November 21, 1977, the State presented the stipulated testimony of a qualified psychiatrist. The stipulation expressly stated that it would be the psychiatrist's expert

opinion, if called to testify that day at the hearing, that the defendant is in need of mental treatment, that the defendant is afflicted with a mental disorder, and that defendant could reasonably be expected at this time, or within a reasonable time hereafter, to cause physical injury to himself or other persons. The stipulation was fully entered into by the defendant. No contradictory evidence of any kind was offered by the defendant. Defense counsel further admitted during closing argument that the psychiatrist's testimony was uncontradicted. The stipulated testimony precisely satisfied the requirements of section 1—11 of the Mental Health Code.

Additionally, the parties entered into another stipulation at the hearing that the court could consider evidence introduced at defendant's trial in its determination of whether the defendant needed further mental treatment. The court in *In re Stephenson* acknowledged that conduct which is the subject of the criminal prosecution may be highly relevant to the issue of the reasonable expectation of the defendant's dangerousness. (67 Ill. 2d 544, 563, 367 N.E.2d 1273.) Accordingly, the trial court here, in making its post-trial determination, properly considered the evidence introduced at trial concerning the circumstances of the murder and the psychiatrist's stipulated testimony that the defendant suffered from a mental disease at the time of the murder.

■ In the absence of any contradictory evidence, we are persuaded that the stipulated testimony of the psychiatrist, in addition to the stipulated evidence introduced at trial, supports the trial court's finding that the defendant was in need of medical treatment. For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MILLS and CRAVEN, JJ., concur.